JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:22-cv-00742-SHK | Date: | January 19, 2023 |

Title: *Ashley Claar, et al. v. Centaur Holdings United States Inc.*

Present: The Honorable Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):      Attorney(s) Present for Defendant(s):

None      None

**Proceedings (IN CHAMBERS):**

## I. BACKGROUND

**A.** **Allegations in Complaint, Service, and Removal to Federal Court**

On December 21, 2021, Plaintiffs Ashley Claar ("Claar") and minor R.M. (collectively with Claar, "Plaintiffs"), through her guardian ad litem, Paul Moten, filed this action in the Superior Court of California, County of Riverside, arising from an incident that occurred at Defendant Festival Fun Parks LLC dba Castle Park's ("Defendant") premises on January 25, 2020. Electronic Case Filing Number ("ECF No.") 1-1, Complaint at 8. The Complaint alleges causes of action for general negligence, premises liability, and negligent infliction of emotional distress by Plaintiffs against Defendant and potential Doe Defendants. Id. at 7-8. As to the premises liability claim, Plaintiffs allege that Defendant was negligent and willfully failed to warn or guard against a dangerous condition as to R.M. Id. at 8.

Specifically, as to the premises liability claim, Plaintiffs allege that with respect to R.M.:

> While exiting a ride at Castle Park, located at 3500 Polk St., Riverside, CA 92505, the ride started without warning and pulled Plaintiff by her sweatshirt under the car of the ride. Plaintiff suffered injuries to her face and head, as well as mental and emotional injuries from this traumatic event.

Id. at 8.

As to the negligence and negligent infliction of emotional distress claims, Plaintiffs allege:

> While [R.M.], a minor, was exiting a park ride, it started again without warning and pulled her by her sweatshirt under the car of the ride. [R.M.] suffered injuries to her face and head, as well as mental and emotional injuries from this traumatic event. Ashley Claar is [R.M.'s] mother. She witnessed this negligent act and the injuries sustained by her daughter. As a result of [D]efendant's negligence, Ashley Claar suffered serious emotional distress and seeks damages based on the negligent infliction of emotional distress.

Id. at 9. Plaintiffs seeks damages of over $1,000,000 arising from pain, suffering, and inconvenience; emotional distress; past and future medical expenses; and loss of future earning capacity. Id. at 16, 18.

The Complaint and related materials were served on Defendant's agent for service of process on April 1, 2022. ECF No. 1-2, Service of Process receipt at 2. Defendant removed this action on April 29, 2022 based on diversity under 28 U.S.C. §§ 1332, 1441, and 1442. ECF No. 1, Notice of Removal at 7. Defendant filed its Answer on the same day in this Court. ECF No. 6, Answer. The parties filed their consents to proceed before the Magistrate Judge on May 13, 2022 and May 19, 2022. ECF No. 8, Defendant's Consent; ECF No. 11, Plaintiff's Consent.

The parties submitted their Rule 26(f) report on June 2, 2022, ECF No. 14, and the Court held a scheduling conference on June 6, 2022, ECF No. 16. That same day, the Court issued its Civil Trial Scheduling Order. ECF No. 17.

**B.    Plaintiffs' Motion for Leave to File Amended Complaint and Defendant's Opposition**

On November 28, 2022, Plaintiffs filed their First Notice of Motion and Motion for Leave to File an Amended Complaint ("Motion"). ECF No. 21. Defendant filed their Opposition to the Motion on December 6, 2022, ECF No. 22, and Plaintiffs filed their Reply in Support of the Motion on December 13, 2022, ECF No. 23.

**1.    Plaintiffs' Motion**

Plaintiffs allege that this action arises from the incident that occurred at Castle Park on January 25, 2020 and that Claar allowed her minor daughter, R.M., "to go on a ride known as the 'whip.'" ECF No. 21, Motion at 3. After the ride stopped, R.M. exited the car "and, without notice, the ride started and pulled [R.M.] by her sweatshirt under the ride. [R.M.] suffered injuries to her face and head, as well as mental and emotional injuries. These events were all witnessed by Claar who asserts a separate cause of action for negligent infliction of emotion[al] distress." Id. Plaintiffs state that "[d]uring the course of discovery, [Defendant] divulged that the ride operator—[Miranda] Navarro [("Navarro")]—left her key in the control panel when she left her post. This act allowed a park guest to start the ride and to cause injury to Plaintiffs. Therefore, Navarro's act of negligence requires that she be named as a defendant." Id.

Anticipating that Defendant will claim that Navarro is a "sham defendant," added to defeat diversity jurisdiction, Plaintiff argues that this is not the case here because in cases where that argument has been raised, "the name defendant has no conceived liability and is only named to prevent removal." Id. (citing Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007)). This is not the case here and, further, this Court should not look into the reasons for adding the new defendant, as there is a valid basis to allege that Navarro was negligent. Id. at 5 (citing Gebran v. Wells Fargo Bank, N.A., No. CV 16-07616 BRO (MRWx), 2016 WL 7471292, at *7 (C.D. Cal. Dec. 28, 2016)).

Plaintiffs note that Federal Rule of Civil Procedure ("Rule") 15 requires that leave to amend "should be freely granted 'when justice so requires.'" Id. at 5 (citing Rule 15(a)). Quoting Foman v. Davis, 371 U.S. 178, 182 (1962), Plaintiffs further state that "[i]n the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require be 'freely given.'" Id. at 5. Plaintiffs further argue that Rule 15 is applied with "'extreme liberality.'" Id. (citing Desertain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014). Moreover, "'[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.'" Id. at 5 (quoting Sharkey v. O'Neal, 778 F.3d 767, 774 (9th Cir. 2015)). Plaintiffs finally argue that the most important Foman factor is prejudice to the opposing party, citing Brown v. Stored Value Cards, Inc., 953 F.3d 567, 574 (9th Cir. 2020), and that all inferences should be drawn in favor of granting leave to amend. Id. at 5-6.

Applying these standards to the current case, Plaintiffs argue that the Foman factors weigh "heavily in favor of granting leave to amend . . . ." Id. at 6. First, there is no evidence of undue delay as, after the Scheduling Conference on June 6, 2022, the parties propounded written discovery and Plaintiffs learned of Navarro's personal information "and involvement in the incident." Id. at 6. Moreover, this Motion was timely filed before the December 31, 2022 deadline and fact discovery remains open until January 31, 2023. Id. at 6. Further, Plaintiffs argue that there is no evidence of bad faith as Doe Defendants were named in the form complaint, the amendment brings the format of the Complaint into conformity with federal court procedures, it is not uncommon to commence litigation without the full scope of information regarding responsible parties, and only Defendant knew of Navarro's identity and "responsibility at the time the operative complaint was filed." Id. at 6-7.

As for prejudice, Plaintiffs argue that there is none here as "[t]he likelihood [of adding parties] was acknowledged by the parties and this Court when the Scheduling Order set the deadline to file a motion to amend the complaint or to add parties on or before December 31, 2022." Id. at 7. Rather, Plaintiffs claim, "adding all responsible parties serves the ends of justice and will ensure a fair resolution of Plaintiff[s' claims]." Id. Moreover, there is no evidence that Plaintiffs failed to cure deficiencies in prior versions of the complaint, id. at 7, and the amendment to add a new defendant would not be futile as it "basically add[s] a Doe defendant and present[s] the claims in a format acceptable to this Court . . . ," id. at 8.

In conclusion, Plaintiffs state that the factors favor adding the new defendant and that Defendant knew of this information before removal such that it was a "sham removal." Id. at 8.

Plaintiffs also included a proposed First Amended Complaint ("Proposed FAC") as part of their Motion, naming Navarro as a defendant. ECF No. 21-2, Proposed FAC. Plaintiffs allege that Navarro is a California resident, id. at 2-3, and that Navarro was the "ride operator on behalf of" Defendant who "was required to take the ride's key with her when she left the control panel," id. at 3. Plaintiffs further allege that "at the time of the incident, [Navarro] left her station with the key engage in the control[, which] allowed a park guest to start the ride and injure Plaintiff." Id. Plaintiffs included Navarro as a defendant in their first claim, alleging negligence against Navarro and Festival Fun Parks LLC arising from the harm to R.M., and their third claim, alleging negligent infliction of emotional distress and harm sustained by Claar, based on Navarro and Festival Fun Parks LLC's actions. Id. at 3-5.

### 2. Defendant's Opposition

Defendant claims Navarro is a sham defendant that Plaintiffs seek to add, and that this amendment should not be allowed because Plaintiffs' counsel did not "'discuss thoroughly' the 'substance of the contemplated motion' in its entirety, as required by Local Rule 7-4." ECF No. 22, Opp'n at 2. Additionally, Defendant argues that there is no need to add Navarro, because "Defendant is willing to stipulate to the fact that Ms. Navarro was acting within the course and scope of her employment during all relevant times herein." Id.

Defendant notes that Navarro's name, identity, and role in the incident was disclosed in the Joint Report Pursuant to Federal Rule 26 ("Joint Report"), submitted to the Court on June 2, 2022, soon after the matter was removed to this Court on May 3, 2022. Id. at 3 (citing ECF No. 14, Joint Report at 3). It was only on November 14, 2022 that Plaintiffs first raised the issue of naming Navarro as a defendant, five months after Plaintiffs first learned of this. Id. at 4. Counsel subsequently engaged in discussions regarding the necessity and propriety of adding Navarro as a defendant and that Plaintiffs' attempt to add a claim under California Civil Code, Section 2168 ("§ 2168") identifying Defendant as a common carrier was not included in the original complaint, thus there was no need to "'clarify'" this claim. Id. at 5.

Turning first to the procedural grounds, Defendant argues that Plaintiffs did not "mention his intention to amend their Complaint to . . . 'clarify' that Plaintiffs contend Defendant is a common carrier pursuant to [§ 2168] . . . [because] it seems impossible to 'clarify' that which is not contained in Plaintiffs' operative complaint . . . ." Id. at 6 (emphasis in original). Further, the addition of Navarro is unnecessary because Defendant "was willing to stipulate that Ms. Navarro was acting in the course and scope of her employment." Id. Therefore, the Motion should be denied on this procedural basis. Id. at 6-7.

Defendant next argues that Plaintiffs' Motion should be denied because it is an effort to destroy diversity jurisdiction by adding a "sham defendant," who is a California resident. Id. at 7. Defendant cites to Rule 19 and the six factors set out in Palestini v. General Dynamics Corp., 193 F.R.D. 654 (S.D. Cal. 2000) and Calderon v. Lowe's Home Ctrs., LLC, No. 2:15-cv-01140-ODW (AGRx), 2015 WL 3889289 (C.D. Cal. June 24, 2015) regarding whether it is appropriate

to allow the joinder of a party that will destroy a federal court's diversity jurisdiction. Id. at 7. Further, Defendant argues that under Rule 19(a), Navarro is not needed for "just adjudication" of this case. Id. at 7-8. Specifically, because Navarro would destroy diversity, joinder is not required under Rule 19(a). Id. at 8 (citing Lopez v. Gen. Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983) and IBC Aviation Servs. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000)).

   Moreover, Defendant argues that the Court should not allow the addition of a non-diverse defendant if it is "'tangentially related to the cause of action or would prevent complete relief.'" Id. (citing 28 U.S.C. § 1447(e); Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Calderon, 2015 WL 3889289 at *3). This is because under the theory of vicarious liability, Navarro was an employee of Defendant and "an employer is vicariously liable for his employee's torts committed within the scope of their employment." Id. (citing Perez v. Van Gronigen & Sons, Inc., 41 Cal. 3d 962 (1986)). Consequently, based on Defendant's proposed stipulation regarding Navarro's employment status and alleged negligent acts, Defendant "will bear the liability, if any, for Ms. Navarro's alleged torts committed within the scope of h[er] employment." Id. at 9 (emphasis in original). Finally, in this regard, under California law, "a plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants." Id. at 9 (emphasis in original) (citing Perez v. City of Huntington Park, 7 Cal. App. 4th 817, 820 (1992)).

   Defendant next argues that Plaintiffs delayed in adding Ms. Navarro, noting that this Motion was filed more than five months after Ms. Navarro was identified as the ride operator, on June 2, 2022, in the Joint Report. Id. at 9. Defendant then takes issue with the phrasing of the alleged facts, noting that Plaintiffs' allegations are made on "information and belief," and only propounded discovery regarding Ms. Navarro's involvement on November 21, 2022. Id. As a result of the delay and Plaintiffs' failure to respond to Defendant's offer regarding vicarious responsibility of Navarro's alleged actions, Defendant argues that Plaintiffs are only seeking to add Navarro to defeat jurisdiction. Id. at 10.

   Defendant then cites to two cases, AIDS Counseling & Testing Ctrs. v. Grp. W. Television, 903 F.2d 1000, 1003 (4th Cir. 1990) and Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc., No. Civ. A03-0613, 2003 WL 21783304, *3 (E.D. La. July 30, 2003), in support of its argument that the addition of Ms. Navarro is a sham and an improper effort to defeat jurisdiction. Id. at 10-11.

   Finally, Defendant argues that because Navarro was Defendant's employee during the incident, Plaintiffs cannot assert claims against Navarro as an individual, citing Calderon, 2015 WL 2889289, and that the Palestini factors weigh in favor of denying Plaintiffs' request. Id. at 10.

   **3. Plaintiffs' Reply**

   With respect to the common carrier claim, Plaintiffs state that the state court form does not allow for a box to check asserting a claim under § 2168. ECF No. 23, Reply at 2. Plaintiffs then state that there were delays related to naming a guardian ad litem and that the parties were

"engaged in discussions regarding resolving the matter between counsel and/or mediation without the need for taking depositions." Id.

Regarding the procedural grounds arguments raised by Defendant, Plaintiffs state that the discussions became futile because Defendant was not amenable to adding Navarro in light of Defendant's offer to stipulate that Navarro was acting within the course and scope of her employment with Defendant. Id. at 3. Further, the § 2168 allegation is not "a separate legal claim or theory of recovery," but rather an "evidentiary standard akin to negligence per se." Id. The addition of this statute is to support any request in the future for a jury instruction on this basis. Id.

As to substantive arguments, Plaintiffs again state that Navarro is not a sham defendant because it is alleged that Navarro is "directly liable for Plaintiffs' damages via her negligent act. Therefore, no colorable argument can be made that she is a sham defendant." Id. at 4. As to the Palestini factors, Plaintiffs argue that Palestini is distinguishable because only Doe defendants were named there initially, motions to dismiss and strike were pending, and plaintiffs amended their complaint without leave to do so. Id. Even then, the amendment was allowed and the matter remanded. Id. This is not the case here as Plaintiffs are properly seeking leave to amend their Complaint under Rule 15, and because this amendment may result in remand, this is not a basis to deny the amendment. Id.

Plaintiffs again argue that Navarro is a necessary defendant and entitled to be named in this case because she is the primary tortfeasor, appropriate discovery may be propounded on her, and Plaintiffs seek to have her in the courtroom and her liability adjudged on the verdict form. Id. at 4-5. As such, she is not tangentially related to the cause of action. Id. at 5. Moreover, had Plaintiffs known of Ms. Navarro's "identity prior to filing the complaint, she would have been named as a defendant because she is a 'necessary defendant.'" Id. at 5.

Plaintiffs further state that the Motion is timely because "Defendant has only served basic written discovery and taken no depositions (though they are noticed.)" Id. Additionally, "discovery remains open in this matter and the last day to file a motion to amend the pleadings has not passed." Id. at 5-6. Finally, with respect to timeliness, Plaintiffs argue that Defendant's reliance on Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267 (C.D. Cal. 2015) is misplaced because it stands for the proposition that joinder is within the court's discretion and Navarro's identity was known only to the Defendant when the Complaint was filed and Defendant has not shown that Plaintiffs knew of Navarro's identity prior to filing the suit. Id. at 6.

Plaintiffs respond to Defendant's citation to AIDS Counseling & Testing Ctrs., 903 F.2d at 1003, and distinguish the current situation from that case because the Motion seeks to add Navarro before the close of discovery and Navarro has substantial involvement in the incident. Id. In addition to Navarro's involvement, there are strategic reasons to include her—the ability to obtain discovery from her and to decrease the "likelihood of juror confusion at trial" if Navarro is not present during the trial. Id. at 7.

In their penultimate argument, Plaintiffs state that, contrary to Defendant's assertion, there is no bar to naming individual tortfeasors "regardless of whether they acted within the course and scope of employment." Id. In fact, since the passage of Proposition 51, counsel has a duty to name all potentially liable parties. Id.

Finally, Plaintiffs argue that Defendant did not address the standard for amending pleadings as set out in Rule 15 and Foman, which requires that "courts should freely grant leave to amend, absent specified factors, none of which exist in the case at bar." Id.

## II. DISCUSSION

A. **Applicable Legal Standards**

"Although the Ninth Circuit has not addressed what standard applies when a plaintiff seeks to amend a complaint to add a party that destroys diversity after the action has been removed to federal court. . . . , numerous courts within this district have held that 'a diversity-destroying amendment must be considered under the standard set by [Section] 1447(e) . . . .'" Krantz v. Bloomberg L.P., No. 2:21-CV-06275-AB (RAOx), 2022 WL 2101913, at *3 (C.D. Cal. Feb. 3, 2022) (internal citations omitted) (citing Clinco v. Roberts, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999); Petrosyan v. AMCO Ins. Co., No. CV 12-06876 SJO (CWx), 2013 WL 3989234, at *4 (C.D. Cal. Aug. 2, 2013) ("The Court notes at the outset that Rule 15(a) does not apply where, as here, Plaintiff seeks to add non-diverse parties whose joinder would divest the Court of jurisdiction."); Doe v. Rose, No. CV-15-07503-MWF-JC, 2016 WL 81471, at *3 (C.D. Cal. Jan. 7, 2016) ("Although motions to amend a pleading are generally analyzed under [Rule] 15, where, as here, the plaintiff seeks to add a non-diverse defendant after removal, amendment is governed by [the Section 1447] standards."); cf. Blowers v. Ford Motor Co., No. CV 17-8224-JFW (KSx), 2018 WL 654415, at *2-3 (C.D. Cal. Jan. 31, 2018) (concluding "Rule 15(a)—not Section 1447(e)—governs the amendment" when plaintiffs did not seek leave, but rather amended their pleading "once as a matter of course," within 21 days after service of a responsive pleading as allowed under Rule 15(a)(1)).

Applying this guidance in a similar situation, another judge in this Court provided the following controlling standards, which this Magistrate Judge adopts:

> Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." The Ninth Circuit mandates that the rule be applied with "extreme liberality." Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991). However, Rule 15(a) "does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." Krantz v. Bloomberg L.P., No. 2:21-CV-06275-AB (RAOx), 2022 WL 2101913, at *2 (C.D. Cal. Feb. 3, 2022) (internal citation omitted). Instead, a proposed amendment to add a diversity-destroying defendant is governed by 28 U.S.C. § 1447(e), which states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). See also Percival v. Staples, Inc., No. 5:21-cv-01962-AB

(SHKx), 2022 WL 2235811, at *2 (C.D. Cal. May 3, 2022); Doe v. Rose, No. CV-15-07503-MWF-JC, 2016 WL 81471, at *3 (C.D. Cal. Jan. 7, 2016) ("Although motions to amend a pleading are generally analyzed under [Rule] 15, where, as here, the plaintiff seeks to add a non-diverse defendant after removal, amendment is governed by [the section 1447] standards.").

Whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the district court. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); Walker v. Glob. Mail, Inc., No. CV 21-6546-DMG (SHKx), 2021 WL 4594024, at *2 (C.D. Cal. Oct. 6, 2021) ("District courts have broad discretion in considering whether to permit a plaintiff to join a non-diverse party under section 1447(e)."). In exercising this broad discretion, courts typically consider six factors: (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. See Calderon v. Lowe's Home Ctrs., LLC, No. 2:15-CV-01140-ODW-AGR, 2015 WL 3889289, *3 (C.D. Cal. June 24, 2015) (citing Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 ([S].D. Cal. 2000)). "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder." Negrete v. Meadowbrook Meat Co., No. ED CV 11–1861 DOC (DTBx), 2012 WL 254039 at *3 (C.D. Cal. Jan. 25, 2012). Moreover, the "defendant bears the burden of establishing that removal is proper," and any doubt as to removability is resolved in favor of remand. See Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Sagrero v. Bergen Shippers Corp., No. 2:22-cv-04535-SPG-RAO, 2022 WL 4397527, at *2 (C.D. Cal. Sept. 23, 2022).

### B. Application

#### 1. Procedural Issues

Defendant's argument in this regard appears to be that Plaintiffs did not disclose the full scope of their proposed amendments and that Plaintiffs did not fully discuss Defendant's offer to stipulate that Navarro was acting within the scope of her employment for Defendant. See ECF No. 22, Opp'n at 6-7. Though the addition of the common carrier claim should have been disclosed, it does not appear that Defendant was amenable to allow this modification or the naming of Navarro as a defendant. Consequently, further discussion would have been futile. Therefore, the Court will not deny the Motion on this basis.

#### 2. Palestini Factors

      a. <u>Necessary Party Under Rule 19(a)</u>

"[W]hile courts consider the standard set forth under Rule 19 in determining whether to permit joinder under Section 1447(e), '"amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]."'" <u>Krantz</u>, 2022 WL 2101913, at *4 (quoting <u>IBC Aviation Servs., Inc.</u>, 125 F. Supp. 2d at 1011-12). Further, "'[t]he standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief.'" <u>Id.</u> (quoting <u>IBC Aviation Services, Inc.</u>, 125 F. Supp. 2d at 1012).

Plaintiffs allege that Navarro was the particular employee that improperly left the key in the ride at Castle Park, allegedly allowing another patron to start the ride, which in turn caused Plaintiff R.M. to get injured and Plaintiff Claar to witness the alleged accident. ECF No. 21, Motion at 3. Defendant's argument in this regard is twofold: (1) Navarro need not be added because Defendant has already agreed that Navarro was acting in the course and scope of her employment with Defendant, such that Defendant would be liable for any negligence on her part within the scope of her duties, ECF No. 22, Opp'n at 2, and (2) under California law, "a plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is <u>not</u> required to name or join the employees as defendants," <u>id.</u> at 9 (emphasis in original).

With respect to Navarro's alleged role in the incident, Navarro was not tangentially related to alleged injuries sustained by Plaintiffs. Rather, Navarro's actions are potentially at the core of the negligence and negligent infliction of emotional distress claims. As for the necessity to add Navarro, that Defendant may be liable for Navarro's actions does not preclude Plaintiffs from adding Navarro as a properly named defendant. See <u>Swain v. Enter. Bank & Tr.</u>, No. CV 21-8728-MWF (Ex), 2022 WL 252005, at *3 (C.D. Cal. Jan. 25, 2022) (allowing the amendment to name the immediate supervisors in a case involving discrimination, improper termination, and breach of contract claims, amongst others, which destroyed diversity, because the newly added employee defendants were directly involved in actions that formed the basis for the claims); <u>Sagrero</u>, 2022 WL 4397527, at *3 (allowing an amendment to name an employee who directly participated in the factual allegations that underlie the claims asserted against the employer, which destroyed diversity); <u>Krantz</u>, 2022 WL 2101913, at *4 (allowing amendment to name employees who were alleged to have created a hostile work environment).

Moreover, just because Festival has agreed that Navarro was an employee does not absolve Navarro of individual liability for her alleged negligent acts. See <u>Liepmann v. Camden Co.</u>, No. CV 19-7348-DMG (Ex), 2019 WL 5420281, at *2 (C.D. Cal. Oct. 22, 2019) ("[L]ong-settled California law provides that '[i]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability.'") (quoting <u>Perkins v. Blauth</u>, 127 P. 50, 52 (Cal. 1912)). Consequently, not allowing Navarro to be named could lead to duplicative actions arising from the same incident, which favors joinder.

Defendant's citation to <u>Calderon</u>, 22015 WL 3889289, at *4 (C.D. Cal. June 24, 2015), is also not persuasive and distinguishable because in that case the court found that the employee, who was the manager of a Lowe's facility, was not "necessary to or highly involved in Plaintiff's allegations against Defendant Lowe's." Specifically, there is no basis to conclude that in <u>Calderon</u>, the plaintiff made any allegations showing the proposed employee was directly involved in the incident that formed the claim that Lowe's "negligently owned, maintained, managed, and operated the premises in such a manner so as to cause injuries and damages to" that plaintiff. See <u>id.</u> at *1, *4. In contrast, Navarro is alleged to be directly involved in the core of the allegations and two of the three proposed claims.

Finally, Defendant's citation to <u>Perez v. City of Huntington Park</u>, 7 Cal. App. 4th 817, 820 (1992) is not persuasive, because it does not stand for the proposition that an employee should not be named, but rather, that it is not <u>necessary</u> to do so to hold the employer liable. This is Plaintiffs' choice, which may have procedural ramifications, and Plaintiffs have opted to include Navarro here based on the nature of the allegations. Therefore, this factor weighs in favor of allowing the amendment.

        b.  <u>Statute of Limitations</u>

Neither of the parties addressed this factor. Consequently, the Court will consider this factor to be neutral.

        c.  <u>Unexplained Delay</u>

It is worth noting that the Motion is timely under the Court's Scheduling Order, which stated that the last day to stipulate or file a motion to amend pleadings or add new parties was December 30, 2022. ECF No. 17, Scheduling Order at 1. Moreover, the date the Court included in its Scheduling Order was the same that the parties <u>jointly</u> recommended in their Joint Report. See ECF No. 14, Joint Report at 8. The Court, however, also recognizes that Navarro was identified by at least June 2, 2022 in Defendant's statement of the case, see <u>id.</u> at 3, and Navarro could have been named earlier.

Finally, though some discovery appears to have taken place, neither of the parties indicated that there have been substantial resources expended in litigating this case in this Court. In light of the nominal discovery that appears to have occurred, the five-month delay in filing the Motion, and the fact that the notice to amend was within the deadline to amend the pleadings (including the adding of parties), which was proposed by both parties, the Court finds that this factor weighs slightly in favor of Plaintiffs to add Navarro at this stage of the case.

        d.  <u>Purpose of Joinder</u>

Defendant's primary argument is that Plaintiffs are seeking to add Navarro to defeat jurisdiction and remand this case to California state court.
"The burden of proving fraudulent joinder is a heavy one. '[T]here is a general presumption against fraudulent joinder,' but it will be found if 'the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of

the state.'" Sagrero, 2022 WL 4397527, at *3 (quoting Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (quotation omitted)). "In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant." Marin v. FCA US LLC, No. 2:21-CV-04067-AB-PDx, 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021).

Based on the allegations presented, and on Defendant's own statement of the case in the Joint Report, there is a possibility that Plaintiffs can state a claim against Navarro. Moreover, Defendants have not identified any California state law that prohibits adding Navarro as a named defendant in this action. Therefore, this factor weighs in favor of allowing the amendment.

        e.   Apparent Validity of Claim

"A claim is facially valid if it ''seems valid,' which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment.'" Sagrero, 2022 WL 4397527, at *4 (quoting Prudenciano Flores v. Nissan N. Am., Inc., No. CV 21-09411-RSWL-PDx, 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022) (citation omitted)). Applying this lower standard to the allegations included in the proposed FAC and as set forth in Defendant's statement of the case, the claim against Navarro is facially valid and this factor favors allowing the amendment.

        f.   Prejudice to Plaintiff

"Where claims against parties sought to be joined in an action 'arise out of the same factual circumstances,' it is in the economic benefit of all parties and the judicial system to 'have the entire controversy adjudicated only once,' and to force the plaintiff to 'proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice.'" Sagrero, 2022 WL 4397527, at *4 (quoting Avellanet v. FCA US LLC, No. CV 19-7621-JFW(KSx), 2019 WL 5448199, at *4 (C.D. Cal. Oct. 24, 2019)). Because the allegations against Navarro arise of the same factual circumstances, this factor also weighs in favor of allowing the amendment.

## III.   CONCLUSION

Because the factors favor allowing the amendment, the Court **GRANTS** the Motion to File the Proposed FAC. As such, the proposed FAC shall be **ORDERED** filed as of November 28, 2022. The Clerk of Court is **DIRECTED** to file the FAC, and upon filing of the FAC, there will no longer be complete diversity of citizenship between the parties, as Plaintiffs and one of the individual defendants, Navarro, are citizens of California, thereby divesting the Court of its jurisdiction pursuant to 28 U.S.C. § 1332(a). The action must therefore be remanded. See 28 U.S.C. § 1447(c), (e).

The action is **REMANDED** and the Clerk of Court is **ORDERED** to return this action to the Superior Court of California for the County of Riverside.

**IT IS SO ORDERED.**